THE STATE OF NEVADA, RESPONDENT, *v.* E. B. PARSONS *et als.,* APPELLANTS.

CRIMINAL LAW — TESTIMONY IN ABSENCE OF JUROR. Where a portion of the testimony of a witness for prosecution in a criminal case was given during the absence of a juror, but it appeared that such testimony was immaterial and that it was repeated to the twelve jurors as soon as the court's attention was called to the fact: *Held,* that the irregularity could not operate to defendant's detriment, and was not sufficient to reverse the judgment.

IRREGULARITY WHICH MIGHT BE PREJUDICIAL. On appeal from a conviction in a criminal case, any irregularity which *might* have affected the verdict will throw upon the state the burden of showing that it was not and could not have been prejudicial to defendant.

ABSENCE OF JUROR — PRESUMPTION OF REGULARITY. Where the record in a criminal case showed that while a witness was giving some immaterial testimony, a juror, who had been absent, came into court: *Held,* that the presumption was, until the contrary appeared, that the juror was absent by the permission of the court and in charge of its officer.

5

State *v.* Parsons.

AUTHENTICATION OF AFFIDAVITS FOR NEW TRIAL.  Where affidavits in reference to certain remarks by the court below on a criminal trial were copied into the bill of exceptions; but there was nothing to show that they had been filed or used on the motion for a new trial: *Held,* that the Supreme Court, on appeal, could not regard them.

No INQUIRY AS TO INSUFFICIENCY OF EVIDENCE WHERE RECORD DEFECTIVE.  The Supreme Court will not consider an objection on a criminal appeal that the verdict was not justified by the evidence, if the bill of exceptions and statement fail to show affirmatively that they contain all the evidence tending to prove the facts, as to which an insufficiency of evidence is alleged.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The appellants, E. B. Parsons, Tilton Cockerell and John Squires, together with A. J. Davis, J. C. Roberts, James Gilchrist, R. A. Jones and J. E. Chapman, were indicted at the November term, 1870, of the District Court for Washoe County, for the crime of robbing Frank C. Minshull, express messenger of Wells, Fargo & Co., of $41,435.  Upon arraignment, Jones pleaded guilty, and afterwards Davis did the same.  The appellants first demurred to the indictment, as did also Chapman, and after demurrer overruled, pleaded not guilty.  Being tried and convicted, they were sentenced to the State Prison, at hard labor; Parsons for the term of twenty years, Cockerell for the term of twenty-two years, and Squires for the term of twenty-three and a half years.

*Wm. Webster,* for Appellants.

After arguing the demurrer at some length, counsel made the points:

I. One of the most sacred rights given an accused is to have a full and impartial jury when evidence is being given.  This right may be said to be mandatory.  If it were merely directory, it would no doubt devolve upon the appellants to show affirmatively that their cause had been prejudiced by the irregularity; but in this case no such requirement can be made.  3 Cowen, 355; 2 Graham & W. on New Trials, 375, Note 1.

II. The evidence does not sustain the indictment.  Defendants in the first count are charged with taking the moneys of " Wells,

State *v.* Parsons.

Fargo & Company," from Frank C. Minshull; in the second count they are charged with taking the moneys of Frank C. Minshull, bailee of "Wells, Fargo & Company"; on the trial it is shown that the moneys of neither were taken, but those of "Wells, Fargo & Co.," which is different from "Wells, Fargo & Company."

III. Counsel also referred to the affidavits in the bill of exceptions, which, however, were not properly authenticated, and discussed the evidence at length, claiming that it was insufficient to justify the verdict.

*L. A. Buckner*, Attorney General, and *Robert M. Clarke*, for Respondent.

I. The objection that Gilchrist delivered testimony in the absence of one of the jurors is bad for two reasons; the testimony so delivered was unimportant and immaterial, especially as to the defense, and it was repeated after the juror's return. This excludes all possibility of injury. The presumption is, that the juror was in charge of a sworn officer. Misconduct will not be presumed.

II. The objection to oral statements alleged to have been made by the judge in denying Chapman's motion for dismissal cannot be considered here, and is not well taken if considered, because the falsity of the words alleged is exposed by the judge's certificate; and because the words used were not used with reference to these defendants, nor either of them, but to Chapman, who does not complain. They were a statement, not to the jury, but to counsel. It was an opinion pronounced against Chapman upon his motion, rendered imperative by the application to dismiss him from the indictment. The court was compelled to decide whether the evidence was or was not sufficient to put Chapman on his defense; but his guilt or innocence had nothing to do with the guilt or innocence of these defendants.

By the Court, GARBER, J.:

The first point made by appellants is, that the indictment charges more than one offence. The same question, on the same indictment, was made and disposed of in *State* v. *Chapman*, 6 Nev. 325.

It is assigned for error, that a portion of the testimony of Gilchrist, a witness for the prosecution, was given during the absence of one of the jurors.  But it clearly appears from the record, that the testimony so given was immaterial, and that, as soon as the attention of the court was called to the fact of the absence of the juror, the same testimony was repeated to the twelve jurors.  It is therefore evident that the irregularity complained of could not possibly have operated to the detriment of the appellants.  The argument of counsel is directed to the fact of the absence of the juror, rather than to the reception of testimony by the other members of the jury during his absence.  In order to preserve them from any outside influence, the jurors sworn to try an indictment for felony, when not in court, should be kept in charge of the sworn officers of the court.  Doubtless, a showing of exposure to improper influence, such as separating unattended by an officer, under circumstances affording opportunity for tampering, corruption or the like—in other words, an irregularity which *might* have affected the verdict—would throw upon the state the burden of proving that the irregularity was not and could not have been prejudicial to the defendant.  But this record discloses no such irregularity.  All that appears is that, while the witness was testifying, one of the jurors who had been absent came into court.  We think, until the defendants show the contrary, the fair presumption is that the juror was absent by the permission of the court and in charge of its officer.

The next assignment relates to the remarks made by the court in overruling the motion to discharge Chapman.  We cannot regard the affidavits copied into the bill of exceptions.  They do not appear to have been filed or used on the motion for a new trial.  The certificate of the judge to the bill of exceptions is conclusive on us.  From this it appears, that the remarks of the judge simply affirmed the making out of a *prima facie* case against Chapman.  It is not pretended that this was error of which these appellants can complain.

The other errors assigned, and not disposed of in *State* v. *Chapman*, are founded upon the assumption that the evidence does not justify the verdict.  We cannot consider them, for the reason that

the bill of exceptions and the statement fail to show affirmatively that they contain all the evidence tending to prove the facts as to which a failure of proof is alleged. *Sherwood* v. *Sissa*, 5 Nev. 353; *Com.* v. *Merrill*, 14 Gray, (Mass.) 417.

The judgments and the orders appealed from are affirmed.