[No. 1275.]

THE STATE OF NEVADA, RESPONDENT, *v*. GEORGE C. CAMPBELL, APPELLANT.

BILL OF EXCEPTIONS — SETTLEMENT AND SIGNING — WHAT IS SUFFICIENT.—Where the record on appeal does not show a settlement of the bill of exceptions, such fact will be presumed from the signature of the trial judge thereto attached.

IDEM—EVIDENCE—WHEN SUFFICIENCY OF, WILL NOT BE REVIEWED.—An objection, on appeal, from a conviction for rape, that the verdict was against the evidence, cannot be considered where the bill of exceptions does not purport to contain all of the evidence submitted.

RAPE — EVIDENCE — CHARACTER OF PROSECUTRIX.— On a trial for rape, the court properly excluded evidence as to particular instances of unchastity on the part of the prosecutrix, not connected with the case on trial.

IDEM — CREDIBILITY OF WITNESS.— A witness testifying to the general reputation of the prosecutrix may, upon cross-examination, have his attention directed to particular acts of unchastity for the purpose of ascertaining the weight to be attached to his testimony.

IDEM—STATEMENTS OF PROSECUTRIX.—On a trial for rape, it is error to admit evidence of the statements made by prosecutrix at the time of making complaint, her testimony not being attacked.

APPEAL from the District Court of the State of Nevada, Ormsby County.

RICHARD RISING, District Judge.

The facts are stated in the opinion.

*T. D. Edwards, J. R. Judge* and *H. F. Bartine,* for Appellant.

I.    The court erred in sustaining objections to the questions propounded to the prosecutrix relative to her previous acts of unchastity with other persons.    The questions were proper as reflecting upon her consent.    Proof of actual lewdness is

better and more satisfactory evidence than proof of general reputation. (*Benstine* v. *State*, 2 Lea, 168; 31 Am. Rep. 593; *State* v. *Murray*, 63 N. C. 31; *State* v. *Johnson*, 28 Vt. 512; *State* v. *Reed*, 39 Vt. 417; 94 Am. Dec. 337; *People* v. *Abbott*, 19 Wend. 194; *People* v. *Benson*, 6 Cal. 222; 65 Am. Dec. 506; *Brennan* v. *People*, 7 Hun. 173; *Strang* v. *People*, 24 Mich. 1; *State* v. *Sutherland*, 30 Iowa, 570.) Even though it be held that the prosecutrix was not bound to answer the question, it was not open to objections by the state. It was a privilege which she alone could assert or which she might waive. (*People* v. *Jackson*, 3 Park. C. R. 391; *Rex* v. *Cockcroft*, 11 Cox, 410; *Best on Ev.*, Secs. 336, 1297.)

II. The court erred in permitting the witnesses Ullrick and Crisler to testify to the details of the statement made to them by the prosecutrix. Such evidence is only admissible on cross-examination or in rebuttal after the credibility of the complaining witness has been attacked. (1 *Russ. on Crimes*, 688; 2 *Russ. on Crimes*, 761; 1 *Greenl. Ev.* 102; 3 *Greenl. Ev.* 213; *Roscoe's Cr. Ev.* 863; 1 *Phil. Ev.* 184; *State* v. *Ivins*, 36 N. J. L. 233; *State* v. *Jones*, 61 Mo. 234; *Pefferling* v. *State*, 40 Tex. 487; *State* v. *Gruso*, 28 La. An. 952; *Stephens* v. *State*, 11 Ga. 225; *State* v. *Richards*, 33 Iowa, 420; *Thompson* v. *State*, 33 Ind. 38; *Baccio* v. *People*, 41 N. Y. 265; *People* v. *Clemons*, 37 Hun, 580; *Griffin* v. *State*, 76 Ala. 29; *Matthews* v. *State*, 19 Neb. 330; *People* v. *Mayes*, 66 Cal. 597; 56 Am. Rep. 126; *People* v. *Tierney*, 67 Cal. 54; *People* v. *Doyell*, 48 Cal. 85; *Pleasant* v. *State*, 15 Ark. 624.) The state began to sustain the credibility of the witness before it had been assailed. This cannot be done. (*United States* v. *Holmes*, 1 Clif. 104; *Robb* v. *Hackley*, 23 Wend. 52; *State* v. *Thomas*, 3 Stro. (S. C.) 271; *State* v. *Vincent*, 24 Iowa, 574; 95 Am. Dec. 753; *People* v. *Hulse*, 3 Hill (N. Y.) 309; *People* v. *Bush*, 65 Cal. 131; *People* v. *Van Houter*, 38 Hun, 168; *Jackson* v. *Etz*, 5 Cow. 320; *People* v. *Gay*, 3 Sel. 379; *Sheppard* v. *Yocum*, 10 Or. 402; *Tedens* v. *Schumers*, 112 Ill. 263; *Bramm* v. *Campbell*, 86 Ind. 516; *State* v. *Cooper*, 71 Mo. 426; *Hamilton* v. *Conyers*, 28 Ga. 276; *State* v. *Rorabacher*, 19 Iowa, 154; *Paxton* v. *Dye*, 26 Ind. 393; *Johnson* v. *State*, 21 Ind. 329; *Webb* v. *State*, 29 O. St. 351; *Gaffney* v. *People*, 50 N. Y. 423; *State* v. *Thomas*, 78 Mo. 342; *Com.* v. *Jenkins*, 10 Gray, 485; *State* v. *Parish*, 79 N. C. 610; *Scott* v. *State*, 48 Ala. 420; *Lacy* v. *State*, 45 Ala. 80; *Haley* v. *State*, 63 Ala. 85; *People* v. *Tyler*, 36 Cal. 522; *Wagner* v. *People*, 30 Mich. 384; 1 *Greenl. Ev.* 467; *Rick* v. *State*, 19 Tex.

308; *Jenkins* v. *Hudson*, 40 Hun, 424; 1 *Greenl. Ev.*, Sec. 469.)

III.   The evidence is insufficient to sustain the verdict.

The testimony of the prosecutrix stands alone upon the question of force, which was the only issue.    Her statement is unreasonable, improbable, and flatly contradicted by every circumstance in the case, and is wholly insufficient to sustain the verdict. (*Matthews* v. *State*, 19 Neb. 330; *People* v. *Dohring*, 59 N. Y. 386; *Whittaker* v. *State*, 50 Wis. 520; 36 Am. Rep. 856; *State* v. *Burgdorf*, 53 Mo. 65; *Whitney* v. *State*, 35 Ind. 505; *Gifford* v. *People,* 87 Ill. 20; *Reynolds* v. *People*, 41 How. Pr. 179; *Crockett* v. *State*, 49 Ga. 185; *Topolanck* v. *State*, 40 Tex. 160; *McFarlan* v. *State*, 24 O. St. 329; *Moutresser* v. *State*, 19 Tex. App. 281; *People* v. *Morrison*, 1 Park. C. R. 625; *People* v. *Ardaga*, 51 Cal. 371; *People* v. *Hamilton*, 46 Cal. 540; *Territory* v. *Potter*, 1 Ariz. 421; 2 *Taylor's Med. Jur.* 440, 452, 458; *Commonw.* v. *Parr*, 5 *Watts & Serg.* 345.)

*John F. Alexander, Attorney-General,* for Respondent.

I.   There is no statement.   (*Gen. Stat.* 3216, 3220; *Libbey* v. *Dalton*, 9 Nev. 23; *State* v. *Bond,* 2 Nev. 265; *State* v. *Parsons*, 7 Nev. 58; *White* v. *White*, 6 Nev. 20; *Overman M. Co.* v. *American M. Co.*, 7 Nev. 312.)

II.   The question asked Cora Lane as to previous acts of unchastity with other men, in cross-examination, was properly refused.   (*Pleasant* v. *State*, 15 Ark. 624; *People* v. *Jackson*, 3 Parker Cr. R. 391; *Shartzer* v. *State*, 63 Md. 149; 52 Am. Rep. 501; *Commonw.* v. *Regan*, 105 Mass. 593; *Shirwin* v. *People*, 69 Ill. 56; *Commonw.* v. *Harris*, 131 Mass. 336; *Pefferling* v. *State*, 40 Tex. 486; 3 *Stark. Ev.* 1270; 2 *Phil. Ev.* 419.)

III.   The testimony of Ullrick and Crisler was properly admitted.    (3 *Green. Ev.* 213; *Griffin* v. *State*, 76 Ala. 29; *State* v. *Byrne*, 47 Conn. 465; *State* v. *Peters*, 14 La. An. 527; 1 Whar. Cr. L. 566.)

The testimony was sufficient in kind and character.    (*People* v. *Lynch*, 29 Mich. 274; *Innis* v. *State*, 42 Ga. 473; *State* v. *Tarr*, 28 Iowa, 397.

By the Court, BELKNAP, J.:

Defendant was convicted of the crime of rape.    He appeals from the judgment and an order overruling a motion for a new

trial.    Before the argument upon the merits, the attorney general moved to dismiss the appeal upon the ground that the bill of exceptions had not been settled by the district judge.    The record contains no authentication of a settlement, unless the fact may be inferred from the signature of the judge attached to the bill of exceptions.    The statute provides that "a bill containing the exceptions must be settled and signed by the judge, and filed with the clerk, within ten days after the trial of the cause, unless further time be granted by said judge, or by a judge of the supreme court." (Gen. Stat. 4303.) ˙ The question presented is, must the settlement of the exceptions be proved as an independent fact?    The statute does not require such proof. Conceding a proper signification to the act of the judge in attaching his signature, which would otherwise be unmeaning, the legal intendment arises that he performed his duty, and settled the exceptions.

1.    It is objected that the verdict is contrary to the evidence. This objection cannot be considered, because the bill of exceptions does not purport to contain all of the evidence submitted to the jury.    (*State* v. *Bonds*, 2 Nev. 265; *State* v. *Parsons*, 7 Nev. 57.)

2.    Evidence tending to prove particular instances of unchastity, not connected with the matter before the court, was excluded.    The decisions are conflicting as to the correctness of this ruling, but it is upheld by the weight of authority.    Mr. Greenleaf says : "The character of the prosecutrix for chastity may also be impeached ; but this must be done by general evidence of her reputation in that respect, and not by evidence of particular instances of unchastity.    Nor can she be interrogated as to a criminal connection with any other person, except as to her previous intercourse with the prisoner himself; nor is such evidence of other instances admissible."    (3 Greenl. Ev., Sec. 214.)    The reason of the rule is thus stated in *Pefferling* v. *State*, 40˙ Tex. 491: "The inquiry is for the purpose of proving character, and it would operate a surprise if an inquiry as to particular instances of immorality or intercourse with particular persons was permitted to establish the character of the witness, who, as has been said, cannot be supposed to come prepared to defend her character, except against a general attack."    (See, also, *People* v. *Jackson*, 3 Parker, Crim. R. 391; *Com.* v. *Regan*, 105 Mass. 593; *Com.* v. *Harris*, 131 Mass. 336,

and other authorities cited by respondent.)    In this connection it must be understood that a witness testifying to the general reputation of the prosecutrix may, upon cross-examination, have his attention directed to particular acts of unchastity for the purpose of ascertaining the weight to be attached to his testimony.

3.    The sheriff and his deputy were allowed to testify to the particular facts narrated to them by the prosecutrix at the time of making complaint of the injury.    Such testimony is hearsay, and was inadmissible in evidence except in her cross-examination, or as confirmatory of her story if attacked.    Her testimony was not attacked, and the testimony was erroneously received.    This principle is too well settled to admit of discussion.    It is thus stated by Mr. Greenleaf:    " Though the prosecutrix may be asked whether she made complaint of the injury, and when and to whom, and the person to whom she complained . is usually called to prove that fact, yet the particular facts which she stated are not admissible in evidence, except when elicited in cross-examination, or by way of confirming her testimony after it had been impeached.    On the direct examination, the practice has been merely to ask whether she made complaint that such an outrage had been perpetrated upon her, and to receive only a simple ' Yes ' or ' No.'    Indeed, the complaint constitutes no part of the *res gestœ.*    It is only a fact corroborative of the testimony of the complainant; and, when she is not a witness in the case, it is wholly inadmissible."    (3 Greenl. Ev., Sec. 213.)

Judgment reversed and cause remanded.