LELAND WADE GIBBONS, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 11355

June 24, 1981                                    629 P.2d 1196

[Rehearing denied August 13, 1981]

*William N. Dunseath,* Public Defender, *Michael B. McDonald,* and *N. Patrick Flanagan,* Deputy Public Defenders, Washoe County, for Appellant.

---

[1]The Governor designated the Honorable Joseph O. McDaniel, Judge of the Fourth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const., art. 6, § 4.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *Edwin T. Basl,* Deputy District Attoney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted of kidnapping and sexual assault. During the trial two police matrons were allowed to testify in great detail concerning what the victim told them about the incident after its occurrence.

"Such testimony is hearsay, and was inadmissible in evidence except in her [the victim's] cross-examination, or as confirmatory of her story if attacked." State v. Campbell, 20 Nev. 122, 126, 17 P. 620, 623 (1888).

The testimony was admitted by the trial court under the *"res gestae"* exception to the hearsay rule; however the testimony clearly was not admissible under any exception commonly characterized by this label.

The prosecutrix made the statement to the matrons at least two hours after the conclusion of the incident. In the interim she had talked to several people from whom she had sought

help, as well as detectives at the Sparks Police Department. The declarations pertained to "a past and completed occurrence" and "could in no way be considered contemporaneous with the attack." *See* State v. Urbauer, 514 P.2d 717, 719 (Ariz. 1973), cert. denied, 415 U.S. 950 (1974); State v. Schimmelpfennig, 594 P.2d 442 (Wash. 1979).

The state now argues, however, that the testimony was admissible as non-hearsay under Campbell, *supra,* and NRS 51.035,[1] because its function was confirmatory and it was offered to rebut charges of recent fabrication or improper motive implied in defense cross-examination.

The principal "attack" or "charge against" the victim which might call for the type of claimed rebuttal offered by the police matrons is stated in the state's brief as being "[d]efense counsel's inferences that [the victim] concocted the sordid kidnapping and sexual assault story . . ." and "that the only reason she was following through with her complaint was to avoid possible humiliation to her reputation for losing her car to a drunken Indian."

In a case interpreting statutory language identical to NRS 51.035, the Ninth Circuit approved the admission of corroborative testimony introduced for the purpose of rehabilitation but noted that "prior consistent statements are admissible *where it affirmatively appears that the prior consistent statement was made at a time when the declarant had no motive to fabricate.*" U.S. v. Rodriguez, 452 F.2d 1146 (9th Cir. 1972). (Emphasis added.)

There can be no doubt that defense counsel was attacking the motives of the victim, implying that she consented to the relationship and was later abandoned in the desert when the appellant took her car. Afterwards, motivated by embarrassment or revenge or both, she decided, the defense suggests, to make charges of kidnapping and sexual assault.

If such were the victim's motive, it is very likely that it was

---

[1]NRS 51.035(2)(b) provides in pertinent part:

"Hearsay" means a statement offered in evidence to prove the truth of the matter asserted unless:

. . .

2. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:

. . .

(b) Consistent with his testimony and offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive;

. . .

formed at the scene and before her interview with the police matrons; thus it is difficult to say that the consistent and corroboratory statements to the police were made at a time when the victim had no motive to fabricate.

Moreover, it certainly cannot be said per *Rodriguez*, above, that it "affirmatively appears" from this record that statements to the police were made at a time when the victim did not have the suggested motive to fabricate. It would appear to the contrary.

Absent an affirmative showing that the charged improper motive did not exist at the time the statements were made to the matrons, their detailed testimony should have been excluded. George v. State, 604 S.W.2d 940 (Ark. 1980). The trial court erred in admitting the statements.

We find it difficult to view this inadmissible testimony as other than prejudicial in this case. Appellant was grossly intoxicated. He neither admitted nor denied the criminal charges made against him. The prosecution's case rested entirely on the credibility of the victim-prosecutrix.

The inadmissible testimony of the police matrons, highlighted by the prosecutor in closing argument, resulted in an improper and prejudicial advantage to the state in this case. We therefore reverse the judgment of conviction.