WILLIAM CHESTER SMITH, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 14515

August 24, 1984                                           686 P.2d 247

*Paul J. Malikowski,* Carson City, for Appellant.

*Brian McKay,* Attorney General, Carson City; *William Rogers,* District Attorney, Lyon County, for Respondent.

## OPINION

*Per Curiam:*

Appellant William Chester Smith was convicted of sexually

assaulting his stepdaughter and sentenced to twenty years in prison. Because prejudicial error resulted from the admission of prior consistent statements of the victim, we reverse and remand.

The trial of this matter was essentially a contest of credibility between the victim and appellant. Smith testified and denied the assault; his defense was that the victim had fabricated the charge for various reasons developed by the evidence. Over defense objections, the district court admitted two sets of the victim's prior consistent statements to rebut the defense charge of fabrication. *See* NRS 51.035.[1] One set of statements was admitted through the testimony of the victim's girlfriend, who repeated the victim's statements concerning incriminating comments appellant allegedly made after the assault. The other set was admitted through the testimony of a sheriff's deputy, who repeated a detailed account of the sexual assault given him by the victim during his investigation.

Appellant now contends that the district court erred by admitting the prior consistent statements. We agree.

NRS 51.035 provides that a witness' prior consistent statements are admissible to rebut a charge of recent fabrication. A witness' credibility thus assailed may be rehabilitated by the admission of prior statements consistent with his or her trial testimony. We have twice held, however, that to be admissible a prior consistent statement must have been made at a time when the witness had no motive to fabricate. Daly v. State, 99 Nev. 564, 665 P.2d 798 (1983); Gibbons v. State, 97 Nev. 299, 629 P.2d 1196 (1981). If prior consistent statements are made when the witness had a motive to fabricate, the statements do not rehabilitate credibility but only reinforce trial testimony claimed to be false. In both the *Daly* and *Gibbons* cases, we found error when the prior consistent statements of a sexual assault victim were admitted, because the statements were made at a time when the victim had the same motive to fabricate she allegedly had at the time of trial.

■■■■■■

The record in this case reveals, and the state so conceded at oral argument, that the prior consistent statements were made

---

[1]NRS 51.035 provides, in pertinent part:

"Hearsay" means a statement offered in evidence to prove the truth of the matter asserted unless:

2. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:

(a) Inconsistent with his testimony;

(b) Consistent with his testimony and offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive. . . .

at a time when the victim had a motive to fabricate. We are therefore compelled to conclude, in light of the rule expressed in *Gibbons* and reaffirmed in *Daly,* that the admission of the victim's prior consistent statements was error.[2] It remains for us to determine whether the error is harmless or mandates reversal of the judgment.

In both *Gibbons* and *Daly* we found prejudicial error. In *Gibbons,* we stressed that the state's case rested entirely on the credibility of the victim, and that Gibbons was so intoxicated at the time of the alleged offense that he could neither confirm nor deny its commission. We also referred to the prosecutor's highlighting of the prior consistent statements in closing argument to the jury. We concluded that in light of these factors, the admission of the statements "resulted in an improper and prejudicial advantage to the state." 97 Nev. at 302, 629 P.2d at 1197. In *Daly,* we stressed that the prosecutor emphasized the "corroborative" character of the prior consistent statements in his closing argument, that Daly denied the offense, and that the state's case rested entirely on the victim's credibility.

The state now argues that this case differs from *Daly* and *Gibbons* because the prosecutor did not emphasize the prior consistent statements during closing arguments. We have never ruled, however, that emphasis in closing argument is a necessary prerequisite to a finding of prejudicial error in this context. Prejudice may result solely from the presentation of prior consistent statements to the jury; we are not persuaded that the absence of emphasis at closing argument, under the circumstances of this case, diminishes the prejudice caused by the erroneous admission of the statements.

The state also argues that the error is harmless because, unlike *Gibbons* and *Daly,* the prosecution's case did not rest "entirely" on the credibility of the victim. The state has referred us to what it considers to be evidence of guilt independent of the erroneously admitted statements and the victim's testimony. We conclude, however, that the presence of some independent evidence in this case does not dictate a finding of harmless error.

The independent evidence of guilt is far from overwhelming, and is virtually insignificant without the testimony of the victim. The state was unable to present any physical evidence of a sexual assault, and there were no eyewitnesses to the offense. Even though the state's case did not rest "entirely" on the victim's credibility, the presence of independent but minimal evi-

---

[2]The state's reliance on Crew v. State, 100 Nev. 38, 675 P.2d 986 (1984), is misplaced. Although we upheld the admission of a witness' prior consistent statements to rehabilitate his credibility, we did so on a ground unrelated to the rule espoused by *Daly* and *Gibbons. See* 675 P.2d at 990.

dence of guilt will not render the error harmless. As in *Daly,* the trial was a contest of credibility between appellant and the victim. The admission of the prior consistent statements, especially through the testimony of a law enforcement officer, bolstered the victim's credibility to the detriment of the defense. Although in *Daly* and *Gibbons* we appeared to couch the test for harmless error in terms of whether the state's case rested "entirely" on the victim's credibility, our underlying concern is whether, in the circumstances of a specific case, the admission of the statements caused an "improper and prejudicial advantage to the state." Gibbons v. State, *supra* at 302, 629 P.2d at 1197. Under the circumstances of the case now before us, we cannot conclude that the error was harmless.

The judgment of conviction is reversed and this matter is remanded to the district court for a new trial.