# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN CLAY COOK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64744



FILED

OCT 14 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of three counts of sexual assault of a minor under the age of 14 years, two counts of sexual assault of a minor under the age of 16 years, two counts of sexual assault, and battery with the intent to commit a sexual assault. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

First, appellant Brian Clay Cook argues that the district court violated his right to due process and a fair trial by allowing two witnesses to leave the courtroom during their testimony without admonishments not to discuss the case. He also argues that the witness Alaina improperly spoke with other witnesses during a recess. Cook's contention that Alaina spoke with anyone during the recess is unsupported by any evidence that she, in fact, did so. *Cf. United States v. Greschner*, 802 F.2d 373, 376 (10th Cir. 1986) (reviewing analogous federal rule and concluding that mere speculation about possibility of conversations between witnesses does not provide reviewing court with meaningful guidance in assessing prejudice to defendant or abuse of discretion and provides no basis for reversal). Even assuming that Alaina spoke with her mother during the recess, we conclude that Cook was not prejudiced by any such conversation when

/6-32220

neither Alaina's nor her mother's testimony differed materially from their *Petrocelli*[1] hearing testimony, such that the testimony cannot be said to have been influenced by any conversation during the recess. *See Evans v. State*, 112 Nev. 1172, 1188-89, 926 P.2d 265, 276 (1996). Likewise, Cook fails to identify any prejudice or error in connection with the victim's taking a brief recess to use the restroom during her testimony. Cook's reliance on *Perry v. Leeke*, is misplaced, as *Perry* addressed whether a defendant's right to counsel was infringed by limiting the defendant from speaking with counsel during a recess that interrupted his testimony. 488 U.S. 272, 280-81 (1989). While *Perry* recognized in dicta the trial court's authority to limit a witness from consulting with third parties, the Supreme Court did not conclude that a trial court must prevent any contact between a witness and third parties during a recess, *see id.* at 282-84, and Cook provides no authority for the proposition that the district court must admonish a witness when a recess is taken during that witness's testimony. Accordingly, we conclude that this claim fails.

Second, Cook argues that Alaina prejudiced him by uttering obscenities and allegations while leaving the courtroom. We conclude that there was no error regarding the remarks because the district court promptly instructed the jury to disregard the remarks and the jury is presumed to follow its instructions. *Leonard v. State*, 117 Nev. 53, 66, 17 P.3d 397, 405 (2001).

Third, Cook argues that the district court violated his right to due process by failing to adequately reconstruct the record under NRAP 10(c) to memorialize what Alaina stated as she left the courtroom during cross-examination. This claim is belied by the record. On Cook's motion,

---

[1]*Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985).

the district court considered his contentions about what occurred in district court, settled the matter after reviewing JAVs records, and accordingly placed what it heard on the record. *See* NRAP 10(c). Cook has failed to show that the district court's review was inadequate or identify authority entitling him to review and "enhance" the JAVs recordings. And Cook's argument that *Preciado v. State* compels relief lacks merit because the statements at issue here are a witness's outburst and not an unrecorded bench conference and this court's meaningful review was not impeded, as Cook stated his recollection of the brief outburst on the record. 130 Nev., Adv. Op. 6, 318 P.3d 176, 178 (2014). Accordingly, we conclude that this claim fails.

Fourth, Cook argues that the district court abused its discretion by admitting two instances of prior-bad-act evidence. Evidence of prior bad acts is presumed to be inadmissible, but may be admitted for limited purposes after a *Petrocelli* hearing in which the State shows (1) relevance for a nonpropensity purpose, (2) proof by clear and convincing evidence, and (3) that the danger of unfair prejudice does not substantially outweigh the probative value of the evidence. *Bigpond v. State*, 128 Nev. 108, 116-17, 270 P.3d 1244, 1249-50 (2012). Cook first claims that evidence of a prior sexual assault against a minor was not proven by clear and convincing evidence and was more prejudicial than probative. We disagree. The victim testified with particularity about details of the incident and other witnesses corroborated parts of that account, and the probative value of explaining the motivation to sexually assault young female family members substantially outweighs the danger of unfair prejudice, particularly where substantial evidence supports the convictions for sexually assaulting the victim, *Ledbetter v. State*, 122 Nev. 252, 263, 129 P.3d 671, 679 (2006). Cook also claims that evidence of his

bigamy was not reviewed in a *Petrocelli* hearing, and we review this unpreserved claim for plain error. *Mclellan v. State*, 124 Nev. 263, 269, 182 P.3d 106, 110 (2008). While we agree, the admission did not affect his substantial rights when that evidence was used only to impeach his second wife's credibility, it did not suggest a propensity to commit sexual assault against a child, and substantial evidence supported his convictions, such that the outcome would have been the same absent admission of the evidence. *See Chappell v. State*, 114 Nev. 1403, 1407, 972 P.2d 838, 840 (1998). Accordingly, we conclude that this claim fails.

Fifth, Cook argues that the prosecutor committed misconduct during opening statements by discussing his prior bad acts and using the statement "guilty as charged" as a bullet point on a PowerPoint slide. The prosecutor may not declare a defendant guilty in opening statement, orally or otherwise, as such constitutes improper argument and expression of personal opinion, and the State's presentation of text declaring Cook's guilt was improper. *See Watters v. State*, 129 Nev., Adv. Op. 94, 313 P.3d 243, 248 (2013). Cook did not object, *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (reviewing for plain error), and has not shown, however, that this error affected his substantial rights when the State introduced the improper slide with the permissible explanatory context that the evidence would show Cook's guilt, diminishing any affront to the presumption of innocence, and the purely textual slide is distinguishable from the inflammatory practice of superimposing the word "guilty" over the defendant's image that was discouraged in *Watters*, 129 Nev., Adv. Op. 94, 313 P.3d at 248. With respect to the claim that the State improperly addressed prior-bad-act evidence during opening statement, the instances discussed conformed to the evidence that the State offered and had

admitted at trial, and thus the State did not act improperly. *See id.* at 247. Accordingly, we conclude that this claim fails.

Sixth, Cook argues that the district court violated his right to confrontation by limiting his impeachment of the victim with evidence of her prior bad acts and by not allowing testimony of a Child Protective Services (CPS) investigator to impeach Brian Anthony. We conclude that the district court did not abuse its discretion in excluding evidence of the victim's prior bad acts when such acts improperly tended to show a propensity to untruthfulness and did not provide a motive to lie about the allegations of an eight-year period of repeated sexual assaults. *See Koerschner v. State*, 116 Nev. 1111, 1119, 13 P.3d 451, 457 (2000), *holding modified on other grounds by State v. Eighth Judicial Dist. Court (Romano)*, 120 Nev. 613, 97 P.3d 594 (2004). And we conclude that the district court did not err by excluding the CPS investigator's testimony regarding the beer bottle incident where that testimony was extrinsic evidence of a specific instance of conduct raised to contradict Brian Anthony's statement about an incident unrelated to these charges and was thus properly excluded under the collateral-fact rule. *See Lobato v. State*, 120 Nev. 512, 518-19, 96 P.3d 765, 770 (2004). We note that Cook cross-examined Brian Anthony regarding the beer-bottle allegation and thus was not impeded in developing this matter as to bias. *See id.* Accordingly, we conclude that this claim fails.

Seventh, Cook argues the evidence presented at trial was insufficient to support the jury's finding of guilt. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact, viewing the evidence in the light most favorable to the State. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956

P.2d 1378, 1380 (1998). Victim testimony alone is sufficient to sustain a conviction for sexual assault, though the testimony must contain some particularity to provide reliable indicia that the number of acts alleged occurred. *LaPierre v. State*, 108 Nev. 528, 531, 836 P.2d 56, 58 (1992). The victim testified about acts of oral penetration that Cook committed that began when she was 8 or 9 years old and acts of anal penetration that began when she was 13 years old. These assaults occurred multiple times a week and continued until after she was 16 years old. The victim's testimony was partially corroborated by others who witnessed some of the acts and by physical evidence. We conclude that the victim testified with sufficient particularity to provide the jury with sufficient indicia to reasonably infer from the evidence presented that Cook committed at least three sexual assaults of a minor under the age of 14 years, at least two sexual assaults of a minor under the age of 16 years, at least two sexual assaults, and battery with the intent to commit a sexual assault. *See* NRS 200.366; NRS 200.400. We conclude that this claim fails.

Eighth, Cook argues that double jeopardy and merger barred his conviction for battery with the intent to commit sexual assault when he was convicted of sexual assault because the elements of battery are included within the elements of sexual assault. We have held that separate charges may be maintained for sexual assault and battery with intent to commit a crime because battery requires physical force or violence and sexual assault does not. *Estes v. State*, 122 Nev. 1123, 1143, 146 P.3d 1114, 1127-28 (2006). Further, as in *Estes*, the battery and sexual assault here involved different acts, namely grabbing and forcibly moving the victim's head toward Cook's penis as battery and placing the penis inside the victim's mouth as sexual assault. *See id.* at 1143, 146 P.3d at 1128. We conclude that this claim fails.

SUPREME COURT
OF
NEVADA

(O) 1947A

6

Ninth, Cook argues that the district court erred by allowing hearsay statements made by Brian Anthony and the victim through Detective Demas's testimony. Hearsay evidence is an out-of-court statement offered to prove the truth of the matter asserted and is generally inadmissible. NRS 51.035; NRS 51.065. Demas did not describe the statements that Brian Anthony made, but rather indicated that Brian Anthony reported witnessing an incident, the victim reported that an incident occurred on the same day, and certain investigatory measures were taken as a result of this report, such that this was permissible nonhearsay testimony as to the course of the investigation. *See Wallach v. State*, 106 Nev. 470, 473, 796 P.2d 224, 227 (1990).

In contrast, Demas's recitations of the victim's descriptions of two instances of sexual assault by anal penetration occurring at ages 14 and 16 were not framed in terms of the responsive investigatory steps, went beyond explaining the course of the investigation, and were improper prior consistent statements constituting impermissible hearsay.[2] *See Patterson v. State*, 111 Nev. 1525, 1532, 907 P.2d 984, 989 (1995). We review such error for harmlessness and conclude that this hearsay error was harmless where the victim's testimony was corroborated by independent reports from each of her brothers of personally witnessing separate instances of sexual assault, police officers finding pornographic materials allegedly used in grooming where the victim said they would be and Cook's semen in one of the locations where she alleged that she was

---

[2]We reject the State's contention that the statements were admissible as prior consistent statements because the witnesses had the same motives to fabricate when they made their police statements as they allegedly had at trial. *See Smith v. State*, 100 Nev. 471, 472, 686 P.2d 247, 248 (1984).

sexually assaulted, and prior-bad-act evidence supporting her account of Cook's intent to sexually assault a young female family member and to use pornography in connection with those assaults. *See id.* at 1533-34, 907 P.2d at 989-90 (concluding erroneous admission of prior consistent statements was harmless where independent evidence of guilt rose above the minimal). Accordingly, we conclude that this claim lacks merit.

Tenth, Cook argues that his Fourth Amendment rights were violated with respect to his consent to search his residence, arguing that because the record does not show when the consent was obtained, it must have been improperly obtained after he had invoked his right to an attorney. However, Cook failed to preserve this error by raising a challenge in the district court, and, as voluntariness is a question of fact, *Canada v. State,* 104 Nev. 288, 290-91, 756 P.2d 552, 553 (1988), the appellate record is inadequate for this court to review the voluntariness of his consent to search, and therefore Cook cannot establish plain error, *see Green v. State,* 119 Nev. 542, 545, 80 P.3d 93, 95 (2003).[3]

Eleventh, Cook argues that the district court abused its discretion by rejecting two proposed jury instructions on the particularity requirement for sexual-assault convictions and witness credibility. Cook's contention that the district court did not instruct the jury that it must find specific evidence that the number of acts charged occurred is belied by the record. The district court instructed the jury on assessing witness credibility, and we conclude that the district court did not abuse its discretion in preferring the instruction given over Cook's proposed

---

[3]Cook also argues that the district court improperly denied his motion to suppress his police statements. As these statements were not introduced at trial, we decline to address this moot issue. *See Turner v. State,* 98 Nev. 103, 108 n.4, 641 P.2d 1062, 1065 n.4 (1982).

instruction because the latter was too long and misleading. *See Carter v. State*, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005); *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005).

Twelfth, Cook argues that cumulative error compels relief. Although Cook's crimes were grave, the issue of his guilt was not close, and we conclude that the prior-bad-act-hearing error, the opening statement error, and the hearsay error were insufficiently egregious to warrant relief. *See Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 854-55 (2000).

Having considered Cook's contentions and concluded that they do not warrant relief, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc: Hon. Kathleen E. Delaney, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk