639 P.2d 4
**STATE of Idaho, Plaintiff-Respondent,**

v.

**Scott A. DOBBINS, Defendant-Appellant.**

No. 13978.

Supreme Court of Idaho.

Dec. 29, 1981.

Steven J. Millemann, McCall, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Lance D. Churchill, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Before a jury in the magistrate division of the district court, Scott A. Dobbins was

tried on the charge of aggravated assault and battery.

Dobbins sought to introduce evidence of his reputation for peacefulness, nonviolence, truthfulness and veracity through the testimony of John Pyle. In attempting to lay the foundation for Pyle's testimony, Dobbins' attorney asked Pyle to name some of the individuals who made up the community from which he was going to testify as to the reputation of Dobbins. The magistrate sustained the State's objection to this question. The jury subsequently returned a verdict of guilty on the charge of battery.

Dobbins appealed to the district court where the sole issue was whether the magistrate erred in sustaining the State's aforesaid objection to the proposed foundation question. The district court found no error, and affirmed.

On appeal to this court, Dobbins presents the same issue as was presented below to the district court.

■ It is well settled that a criminal defendant may offer evidence of his good reputation for the character trait(s) involved in the particular crime he is charged with as proof of the unlikelihood that he committed the crime. *Michelson v. United States*, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); *State v. Allen*, 23 Idaho 772, 131 P. 1112 (1913); *State v. McGreevey*, 17 Idaho 453, 105 P. 1047 (1909). The criminal defendant's proof, however, must be limited to his general reputation in the community.

The United States Supreme Court, in *Michelson v. United States, supra*, has stated the rule as follows:

"The witness may not testify about defendant's specific acts or courses of conduct or his possession of a particular disposition or of benign mental and moral traits; nor can he testify that his own acquaintance, observation, and knowledge of defendant leads to his own independent opinion that defendant possesses a good general or specific character, inconsistent with commission of acts charged. The witness is, however, allowed to summarize what he has heard in the community, although much of it may have been said by persons less qualified to judge than himself. The evidence which the law permits is not as to the personality of defendant but only as to the shadow his daily life has cast in his neighborhood." 335 U.S. at 477, 69 S.Ct. at 219, 93 L.Ed. at 174.

The rationale for limiting character evidence to general reputation is grounded in expediency and policy. *Michelson v. United States, supra*. As one court has commented, the rule limiting character evidence to general reputation "is both sound and salutary, for the reason that it obviates a mass of collateral questions which would interminably prolong trials and result in drawing the minds of the jurors far afield from the merits of the case." *State v. Adams*, 193 N.C. 581, 137 S.E. 657 (1927).

■ Similar considerations are applicable to the instant case. Certainly greater weight may have been afforded the character witness's testimony had he been allowed to name some of the individuals from whom he had learned of the appellant's general reputation in the community. However, what was supposed to be testimony as to the general reputation of a defendant, by inference would have become testimony as to the defendant's reputation among the named individuals. To allow such testimony might suggest to the jury that the named individuals share the character witness's conclusion as to the defendant's reputation, and would then raise the likelihood of the State calling the named individuals to impeach the character witness's testimony, thus unduly prolonging the trial by bringing in such extraneous issues. Thus viewed, the district court aptly concluded that "to allow such testimony could have opened the door to discussion of the credibility of the particular persons involved and specific acts or instances of conduct, which could unduly prolong the trial by introduction of unnecessary collateral issues."

Accordingly, we hold that the magistrate did not err in sustaining the State's objection and hold also that the district court correctly affirmed the trial court.

Judgment affirmed.