THOMAS DALY, Appellant, *v.* THE STATE OF
NEVADA, Respondent.

No. 14228

June 24, 1983                                                                665 P.2d 798

*Carelli & Miller,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, *James Tufteland* and *Vince Consul,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted of three counts of sexual assault. On appeal, he raises several objections to the district court's evidentiary rulings. We hold that certain testimony concerning prior consistent statements of the victim was directly proscribed by the rule of Gibbons v. State, 97 Nev. 299, 629 P.2d 1196 (1981), and that under the circumstances of this case, the admission of the proscribed testimony was so prejudicial as to be plain or fundamental error. We therefore reverse and remand for a new trial.

## THE FACTS

After a preliminary hearing, appellant Thomas Daly was charged by information with three counts of sexual assault allegedly perpetrated on his fourteen-year-old stepdaughter during the summer of 1981. The prosecution's theory at trial was that Daly had been dominating his stepdaughter and subjecting her to sexual abuse over the course of several years; the charged counts represented those particular incidents which the stepdaughter could remember in detail. The defense theory was that Cami, the stepdaughter, was falsely charging her stepfather with sexual assault as a means of freeing herself from Daly's disciplinarian methods of child-rearing and burdensome assignments of household chores. Cami apparently has disliked her stepfather since the start of the marriage.

Cami was the prosecution's primary witness. Daly was the only defense witness. The jury chose to believe Cami, and convicted Daly on all three counts. The judge sentenced Daly to life imprisonment on all three counts, sentences to run concurrently, and denied Daly's motion for a new trial. This appeal followed.

## THE EVIDENCE OF UNCHARGED
## SEXUAL MISCONDUCT

Before trial, the district court denied appellant's motion *in limine* to exclude testimony by Cami concerning uncharged acts of sexual assault by appellant. At trial, Cami testified that she had performed fellatio on appellant at his request an average of once or twice a week since she was about eight years old. She also testified as to several uncharged acts of vaginal intercourse. She did not specify the dates on which or the places where these alleged acts occurred. The district judge instructed the jury that it may not consider evidence of uncharged crimes

as proof that the defendant was of bad character and acted in conformity therewith, but that it may consider such evidence insofar as it shows the defendant's motive, intent, or plan.

The prosecution may not introduce evidence of other criminal acts of the accused unless the evidence is substantially relevant for some purpose other than to show the probability that the accused committed the charged act because of a trait of character. Williams v. State, 95 Nev. 830, 833, 603 P.2d 694, 696 (1979). See NRS 48.045(2). Even where the evidence is relevant and tends to establish motive, intent, plan, identity, absence of mistake or accident, or some other relevant fact within the list of exceptions in NRS 48.045(2), it may not be admitted if its prejudicial effect outweighs its probative value. 95 Nev. at 833, 603 P.2d at 697. See NRS 48.035(1). See also Bonacci v. State, 96 Nev. 894, 897, 620 P.2d 1244, 1246 (1980). The decision to admit or exclude evidence of separate and independent offenses rests within the sound discretion of the trial court, and will not be disturbed unless it is manifestly wrong. Bonacci v. State, 96 Nev. at 898, 620 P.2d at 1247; Hill v. State, 95 Nev. 327, 330, 594 P.2d 699, 701 (1979).

The evidence in the instant case fell within the "common scheme or plan" exception to the general rule excluding evidence of prior bad acts. See Simpson v. State, 94 Nev. 760, 587 P.2d 1319 (1978); Willett v. State, 94 Nev. 620, 584 P.2d 684 (1978). See also McMichael v. State, 94 Nev. 184, 577 P.2d 398 (1978). At least some of the uncharged acts allegedly occurred within the same time period as the charged acts, all alleged acts were between the appellant and his stepdaughter, and both the charged and uncharged acts allegedly occurred under very similar circumstances. The district court did not err in denying appellant's motion in limine to exclude evidence of uncharged acts of sexual misconduct.[1]

## THE EVIDENCE OF UNCHARGED NONSEXUAL MISCONDUCT

Before trial, appellant moved to exclude evidence relating to other alleged acts of misconduct, such as his shouting at, shaking, and striking his stepdaughter. The court granted this portion of appellant's motion in limine. At trial, witnesses referred

---

[1]Moreover, we note that at trial, defense counsel not only failed to object specifically to testimony concerning the conduct that was more remote in time, but he even elicited such testimony on cross-examination.

at least four times to the appellant hitting his stepdaughter on one or two occasions. Defense counsel did not object to this evidence or remind the judge of his prior ruling, nor did he raise the issue in his motion for a new trial.

Respondent contends that appellant has waived the right to raise this issue on appeal. Appellant argues that his motion *in limine* on the subject adequately preserved his objection to admission of the evidence.

At least in situations where the district court has granted a party's motion *in limine* to exclude evidence, the error, if any, does not occur until the matter arises during trial and the court permits introduction of the contested evidence. *See* Tahdooah-nippah v. State, 610 P.2d 808, 810 (Okla.Crim.App. 1980). The making of the motion *in limine,* without further objection, is not enough in such circumstances to preserve the issue on appeal. *Cf.* Mathis v. State, 82 Nev. 402, 408, 419 P.2d 775, 778 (1966) (where defendant failed to object at trial to evidence that "snuck in" after being ruled inadmissible, and defendant had been put on notice by court that it would not "anticipate any rulings on objections" concerning scope of initial ruling, defendant failed to preserve issue for appeal). Because appellant did not object to the evidence of other alleged acts of misconduct or remind the district judge of his prior ruling, or raise the issue in his motion for a new trial, we shall not consider the issue on appeal.[2] *See* Fish v. State, 92 Nev. 272, 276, 549 P.2d 338, 341 (1976); Allen v. State, 91 Nev. 78, 81-82, 530 P.2d 1195, 1197 (1975).

## THE VICTIM'S PRIOR CONSISTENT STATEMENTS

At trial, a friend of the stepdaughter testified as to the substance of certain statements that Cami had made to her in late July 1981. In brief, the witness testified that Cami had told her that appellant had required Cami to perform fellatio on him. Appellant did not specifically object to this hearsay testimony.

The evidence in question constituted third party testimony as to prior consistent statements of the victim, who had already testified concerning the charged acts. Prior consistent state-

---

[2]We do not consider the asserted error to be prejudicial. We note that defense counsel elicited testimony from appellant on direct examination that he had spanked Cami after she had tried to run away from home—one of the instances referred to in the prosecution's case-in-chief.

ments, to be admissible under NRS 51.035(2)(b),[3] must have been made at a time when the declarant had no motive to fabricate. Gibbons v. State, 97 Nev. 299, 629 P.2d 1196 (1981). If Cami's motives were as the defense suggested, the record would not affirmatively show that her statements to her friend were made when she had no motive to fabricate. *See id.* at 301-02, 629 P.2d at 1197.

Under the circumstances of this case, we view the admission of the prior consistent statement as prejudicial error. The prosecution elicited testimony from several witnesses referring to Cami's statements to her friend, and emphasized the "corroborative" nature of this testimony in closing argument. Appellant completely denied commission of the charged acts. As in *Gibbons,* the prosecution's case rested entirely on the credibility of the victim-prosecutrix. We therefore reverse and remand for a new trial.

### THE PROFFERED CHARACTER EVIDENCE

Given our disposition of this appeal, we need not reach appellant's other contentions. However, since the issue is likely to arise on remand, we shall discuss appellant's argument that the district court improperly limited his ability to introduce character evidence.

Prior to the presentation of appellant's case, the State moved to exclude character evidence concerning appellant's truthfulness until such time as appellant's credibility was attacked and his truthfulness was thereby placed in issue. As an offer of proof, defense counsel stated that he was prepared to call at least three character witnesses who knew that appellant's

> reputation in as far as his character for truthfulness is concerned is excellent; that he is a person with a reputation of a truthful man and that these witnesses have the personal opinion of him that he is a truthful man.

The district court granted the State's motion. As the State did

---

[3]NRS 51.035 provides in relevant part as follows:

"Hearsay" means a statement offered in evidence to prove the truth of the matter asserted unless:

1.  The statement is one made by a witness while testifying at the trial or hearing;

2.  The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:

(a) Inconsistent with his testimony;

(b) Consistent with his testimony and offered to rebut an express or implied charge against him of recent fabrication. . . .

not attack appellant's truthfulness, appellant was unable to present his character witnesses either on direct or as rebuttal witnesses.

Appellant argues that NRS 48.045(1) governs under the facts of this case. NRS 48.045(1) provides in relevant part as follows:

> 1. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
>
> (a) Evidence of his character or a trait of his character offered by an accused, and similar evidence offered by the prosecution to rebut such evidence.

Appellant contends that this statute merely codifies the common law rule that prohibits the prosecution from attempting to prove its cause by showing the defendant's bad character, but allows the accused to introduce evidence of his good character because character is in fact relevant to resolving probabilities of guilt. *See* Michelson v. United States, 335 U.S. 469, 476 (1948) (accused may introduce affirmative testimony that the general estimate of his character is so favorable that jury may infer that he would not be likely to commit offense charged). *See also* United States v. Torbert, 496 F.2d 154, 158 (9th Cir.), *cert. denied,* 419 U.S. 857 (1974). *Cf.* Beddow v. State, 93 Nev. 619, 624-25, 572 P.2d 526, 529 (1977) (an accused is permitted a jury instruction to the effect that jury may infer from evidence of good character that accused did not commit crime charged).

Respondent argues that NRS 50.085 rather than NRS 48.045 controls. NRS 50.085 provides in relevant part as follows:

> 1. Opinion evidence as to the character of a witness is admissible to attack or support his credibility but subject to these limitations:
>
> (a) Opinions are limited to truthfulness or untruthfulness; and
>
> (b) Opinions of truthful character are admissible only after the introduction of opinion evidence of untruthfulness or other evidence impugning his character for truthfulness.
>
> 2. Evidence of the reputation of a witness for truthfulness or untruthfulness is inadmissible.

However, NRS 50.085 and its companion provisions concern the impeachment of witnesses, while NRS 48.045 and its companion provisions deal with the admissibility of substantive evidence. The Legislature probably did not intend NRS 50.085 to

prevent the accused from presenting opinion and reputation evidence of truthfulness where such evidence is substantively relevant to the particular offense charged.

The majority rule, which we adopt, is that the accused may, in an effort to prove his innocence, seek to establish his good character. However, the proof must be confined to the particular traits of character that are relevant to the conduct with which the accused has been charged. *See, e.g.,* Freeman v. State, 486 P.2d 967, 972-73 (Alaska 1971); State v. Altamirano, 569 P.2d 233, 235 (Ariz. 1977); People v. Sexton, 555 P.2d 1151, 1154 (Colo. 1976); State v. Blake, 249 A.2d 232, 234 (Conn. 1968); State v. Dobbins, 639 P.2d 4 (Idaho 1981); State v. Howland, 138 P.2d 424 (Kan. 1943); Hallengren v. State, 286 A.2d 213, 216 (Md.App. 1972). *See also* United States v. Angelini, 678 F.2d 380 (1st Cir. 1982); United States v. Hewitt, 634 F.2d 277, 279 (5th Cir. 1981).

Evidence of the defendant's character trait of truthfulness is relevant in only three situations: (1) where the offense charged is *crimen falsi, i.e.,* a lie by the defendant is an element of the crime; (2) the defendant has testified on his own behalf and his credibility has been attacked; or (3) the truth of out-of-court statements by the defendant has been attacked. United States v. Hewitt, 634 F.2d at 279. *See* Darland v. United States, 626 F.2d 1235 (5th Cir. 1980), *cert. denied,* 454 U.S. 1157 (1982) (where defendant did not take stand and crime charged not *crimen falsi,* trial court properly excluded evidence of defendant's reputation for truth and veracity). The mere fact that an accused takes the stand does not give him the right to present character evidence supporting his veracity; even contradiction of the testimony of the accused does not necessarily give him that right. United States v. Jackson, 588 F.2d 1046, 1055 (5th Cir.), *cert. denied,* 442 U.S. 941 (1979). *See* United States v. Angelini, 678 F.2d at 382 n. 2.

In the instant case, appellant's offer of proof concerned only the character trait of truthfulness. He did not offer proof of a relevant trait such as law-abidingness or morality. As appellant was charged with sexual assault, and the prosecution did not attack his credibility, appellant's truthfulness or nontruthfulness was not placed in issue. The district court did not err in granting the State's motion to exclude the proffered character evidence.

As the admission of the third party testimony regarding the

victim's prior consistent statement constituted prejudicial error under the circumstances of this case, we reverse and remand for a new trial.