**Cecil M. GOULD, Petitioner—Appellant,**

v.

**Sherman HATCHER, Respondent—Appellee.**

No. 04–15592.

D.C. No. CV–99–01120–PMP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 17, 2005.

Decided March 3, 2005.

John C. Lambrose, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Rene L. Hulse, Heidi E. Nagel, Office of the Nevada Attorney General, Las Vegas, NV, for Respondent–Appellee.

Before ALARCÓN, SILVERMAN, and BEA, Circuit Judges.

### MEMORANDUM *

Cecil M. Gould appeals from the denial of his petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. In his petition, Mr. Gould presented seven claims. He contends that the district court erred in dismissing four of his claims with prejudice on the ground that they were procedurally defaulted under Nevada law. He also challenges the district court's adverse rulings on his claim that his trial and appellate counsel ineffectively represented him and the rejection of his claim that the admission of evidence of the lessor child abuse charges violated his right to due process.

We affirm the order dismissing Mr. Gould's claims as to Grounds 1, 2, 3, and 5(c) in his petition, as unexhausted and procedurally defaulted. We also conclude that the district court did not err in determining that there is no merit to Mr. Gould's due process claim regarding the presentation of evidence in support of the lessor child abuse charges, and his contention that his trial counsel was ineffective because he failed to ensure that the State would preserve as evidence the clothing his daughter was wearing during a traffic stop on February 14, 1984, and because he failed to move to dismiss all charges when the State failed to preserve that evidence.

### I

The record shows that Mr. Gould forced his daughter to engage in sexual activity, including oral copulation and vaginal intercourse, on various occasions, starting when she was only ten-years-old. On February 14, 1984, a Las Vegas police patrol unit received a dispatch that a small female juvenile, accompanied by an adult male, was offering to perform oral copulation on male pedestrians. The police located the referenced vehicle and took Linda and Mr. Gould to the police station. Mr. Gould was not charged with any crime at this time.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Linda was taken into the custody of Child Protective Services where she disclosed information about her father sexually abusing her.

Mr. Gould was charged with seven counts of sexual assault and four counts of child abuse. A jury found him guilty of each offense. He was sentenced to serve seven life sentences with the possibility of parole. Three of the life sentences for sexual assault were to be served concurrently, but consecutively to four concurrent life sentences for the same offense. He was sentenced to serve concurrent, twenty-year sentences for two of the child abuse counts, but consecutively to the life sentences for sexual assault. On the remaining counts for child abuse, the court ordered that Mr. Gould serve concurrent twenty-year sentences, but consecutively to the sentence imposed on the other child abuse counts.

The Supreme Court of Nevada ("Nevada Supreme Court") reversed the child abuse convictions on the ground that they violated the double jeopardy clause. It affirmed the judgment of conviction and the sentence on the sexual assault counts.

Mr. Gould filed two motions for post-conviction relief in Nevada's Eighth Judicial District Court. Each was denied. The Nevada Supreme Court dismissed Mr. Gould's appeals of denial of his first and second state habeas corpus petitions. Thereafter, the Nevada Supreme Court also dismissed Mr. Gould's petition for a writ of error coram nobis in which he sought a new trial because of the failure of the trial court to recognize that placing him on trial for child abuse and sexual assault constituted double jeopardy.

Mr. Gould filed his first federal habeas corpus petition on August 22, 1994. This petition was dismissed without prejudice at his request because it contained unexhausted claims.

On April 16, 1997, Mr. Gould filed a third petition for writ of habeas corpus in the Eighth Judicial District Court. The petition was denied on procedural grounds. On August 26, 1999, the Nevada Supreme Court dismissed his appeal from the denial of his third state habeas petition as successive and untimely.

Mr. Gould filed his second federal habeas corpus petition on September 3, 1999. The district court dismissed the petition as time barred on August 29, 2000. Mr. Gould appealed to this court. We granted a certificate of appealability. On December 19, 2001, we reversed the order dismissing the petition. We held the petition was timely filed and remanded with instructions.

On September 4, 2003, the district court dismissed Grounds 1, 2, 3, and 5(c) with prejudice as unexhausted but procedurally barred. On February 23, 2004, the district court denied Grounds 4, 5(a), and (b) on the merits.

On February 23, 2004, Mr. Gould filed a timely notice of appeal. A certificate of appealability was granted on each assignment of error on May 5, 2004.

II

Mr. Gould contends that the district court erred in dismissing Grounds 1, 2, and 3 as unexhausted and procedurally defaulted. We review de novo the question whether a petitioner properly exhausted his or her claims. *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir.2002) (citing *Harris v. Pulley*, 885 F.2d 1354, 1370 (9th Cir.1988)).

He maintains that each of these claims was fairly presented to the Nevada Supreme Court. "A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his rem-

edies in state court" pursuant to 28 U.S.C. 2254(b)(1)(A). *Peterson v. Lampert,* 319 F.3d 1153, 1155 (9th Cir.2003) (citing *Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). In order to exhaust his state remedies, a petitioner must " 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)).

To satisfy the fair presentation requirement, "the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is 'self evident.' " *Lyons v. Crawford,* 232 F.3d 666, 668 (9th Cir.2000) (internal citation omitted), *amended by Lyons v. Crawford,* 247 F.3d 904 (9th Cir.2001). Further, "citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue." *Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir.2003).

■ In presenting Ground 1 to the Nevada Supreme Court on direct appeal, Mr. Gould did not cite *federal* case law nor refer to any federal constitutional right that was violated by the traffic stop of his car on February 14, 1984. Instead, he argued that the admission of highly prejudicial evidence that he required his daughter to solicit sex acts denied him his constitutional right to a fair trial. We have held, however, that "general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir.1999) (citing *Gray v. Netherland,* 518 U.S. 152, 162–63, 116

S.Ct. 2074, 135 L.Ed.2d 457 (1996)). Further, Mr. Gould's citation to state cases is not sufficient to have presented his claim because those state cases relied on state evidentiary law rather than specific constitutional claims.

■ In presenting his claim to the Nevada Supreme Court regarding Ground 2 of his petition, Mr. Gould relied on state law in arguing that the court erred in rejecting his instruction on character evidence. As discussed above, his characterization of this alleged error as denying him his right to a fair trial did not satisfy the exhaustion requirement.

■ In Ground 3 of his petition, Mr. Gould maintains that in allowing his daughter to testify to prior consistent statements, he was deprived of his right to a fair trial. In presenting this issue to the Nevada Supreme Court, Mr. Gould cited *Daly v. State,* 99 Nev. 564, 665 P.2d 798, 802 (1983). The *Daly* case, however, relies only on state case and statutory law in discussing the admissibility of prior consistent statements.

■ The district court held that Mr. Gould failed to exhaust Ground 5(c) in which he contends that he was deprived effective assistance of counsel because his attorney did not file a motion for an independent psychological evaluation of the victim. On this appeal, Mr. Gould does not argue that claim 5(c) was exhausted and therefore he has waived any challenge to the district court's decision on that issue. *See Castillo v. McFadden,* 370 F.3d 882, 886 n. 2 (9th Cir.2004) (noting that issues not raised on appeal are deemed waived).

### III

### A

We have decided that the district court did not err in holding that Grounds 1, 2, 3,

and 5(c) were not fairly presented to the Nevada Supreme Court. We must next determine whether these claims are now procedurally defaulted under Nevada law.

Where an adequate and independent state law would bar presentation of unexhausted claims, federal court review of the claims is barred "absent cause and prejudice or a fundamental miscarriage of justice." *Moreno v. Gonzalez,* 116 F.3d 409, 409–10 (9th Cir.1997) (citing *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Under Nevada Law, unless good cause is shown for delay, a petitioner has "1 year after entry of the judgment of conviction or, if an appeal has been taken from the judgment, within 1 year after the supreme court issues its remittitur" in which to file a petition challenging the validity of a judgment or sentence. Nev.Rev.Stat. § 34.726(1).

At the time Mr. Gould filed his second amended federal habeas corpus petition raising Grounds 1, 2, 3, and 5(c), twelve years had elapsed since the Nevada Supreme Court entered its Amended Judgment of Conviction on April 17, 1987. We reject Mr. Gould's contention that the procedural bars imposed by Nevada law are too vague and ambiguous to be adequate and independent. This court has held that Nevada has consistently applied its procedural bar on untimely petitions. *See Loveland v. Hatcher,* 231 F.3d 640, 643 (9th Cir.2000) (holding that the Nevada Supreme Court's decisions "make it clear that in 1993, when the Nevada Supreme Court dismissed [petitioner's] post-conviction habeas petition, in part because it was time-barred, that court had consistently applied the state's procedural bar rule"). We have also held that Nevada has strictly enforced its waiver rule. *See Bargas v. Burns,* 179 F.3d 1207, 1212 (9th Cir.1999) (holding "Nevada follows a strict rule: A petitioner must raise all claims in his first

habeas petition in order to avoid the penalty of procedural default.").

We disagree with Mr. Gould's contention that the procedural bars are not independent of federal law because the Nevada Supreme Court, in dismissing his second habeas petition, "failed to state clearly that its discussion of the merits" of his case "was to demonstrate that Gould could not overcome the procedural defaults." Pet. Br. 23. The requirement that a state decision clearly and expressly rely on an independent and adequate state ground "does not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson,* 501 U.S. 722, 735 n. *, 111 S.Ct. 2546 (1991).

### B

■ Because we hold that Nevada's procedural bars are both adequate and independent, federal review of Mr. Gould's claims styled as Grounds 1, 2, 3, and 5(c) is barred unless he can demonstrate cause and prejudice for his default or that a miscarriage of justice would result in the absence of review. *Vang v. Nevada,* 329 F.3d 1069, 1072 (9th Cir.2003). Mr. Gould contends that his default was due to ineffective assistance of his trial and appellate counsel, namely that counsel failed to timely present Mr. Gould's claims to the Nevada Supreme Court. While ineffective assistance of counsel ("IAC") can be cause for federal court review, Mr. Gould's IAC claim itself is now procedurally barred in Nevada. Under *Edwards v. Carpenter,* 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000), a procedurally-defaulted claim can serve as cause for the procedural default of another claim only if a prisoner can show cause and prejudice with respect to

the IAC claim. *Id.* at 450–51, 120 S.Ct. 1587. Because Mr. Gould failed to present the IAC claim to the Nevada courts, we cannot review Grounds 1, 2, 3, and 5(c).

### C

■ Mr. Gould argues that because the state never raised the issue of procedural default on the IAC claim, the state has waived the default as an affirmative defense. Although procedural default "is normally a defense that the State is obligated to raise and preserve if it is not to lose the right to assert the defense thereafter," *Trest v. Cain,* 522 U.S. 87, 89, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997) (internal citations omitted), this court has held that it may raise procedural default *sua sponte* where "to do so serves the interests of justice, comity, federalism, and judicial efficiency." *Windham v. Merkle,* 163 F.3d 1092, 1100 (9th Cir.1998).

We are persuaded that this court should raise Mr. Gould's procedural default *sua sponte* to respect the interests of comity and federalism. While the state did not raise procedural default with regard to the IAC claim, the state *did* raise procedural default to bar review of Mr. Gould's 1, 2, 3, and 5(c) claims. Reviewing the IAC claim on the merits would require this court to review claims 1, 2, 3, and 5(c) as well. Therefore, the only way to respect the state's timely assertion of procedural default with respect to claims 1, 2, 3, and 5(c) is for this court to raise *sua sponte* Mr. Gould's procedural default of the IAC claim. Because Mr. Gould has never presented any cause for defaulting on the IAC claim, we hold that he cannot use the IAC claim as cause for his procedural default of claims 1, 2, 3, and 5(c).

### IV

■ We also reject Mr. Gould's contention that the district court erred in concluding that the lesser included child abuse charges did not violate his right to due process and a fair trial. A federal court may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Mr. Gould has failed to cite any decision of the United States Supreme Court that supports the proposition that the submission of lessor included offenses to a jury violates a defendant's right to due process and a fair trial.

### V

■ Mr. Gould also maintains that he was deprived of effective assistance of counsel because his trial attorney failed to ensure that the State would preserve as evidence the clothing his daughter was wearing during the traffic stop on February 14, 1984, and because he failed to move to dismiss all charges when the State failed to preserve that evidence.

Mr. Gould has failed to demonstrate that the preservation of the clothing his child wore on February 14, 1984, was relevant to his defense that he did not sexually assault her on prior occasions. The district court did not err in ruling that Mr. Gould's trial counsel representation was not ineffective.

AFFIRMED.