An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GUILLERMO RENTERIA-NOVOA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61865

**FILED**

SEP 2 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of 15 counts of sexual assault of a minor under 14 years of age, 8 counts of sexual assault of a minor under 16 years of age, 4 counts of sexual assault, 6 counts of lewdness with a minor under 16 years of age, and 3 counts of open or gross lewdness. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Guillermo Renteria-Novoa is an ex-boyfriend of the mother of R.P. Renteria-Novoa and R.P. had sexual relations over many years while she was a teenager. Renteria-Novoa was charged with numerous counts of sexual assault with a minor, sexual assault, lewdness with a minor, and open or gross lewdness.

At trial, R.P. testified that the relationship occurred because Renteria-Novoa threatened to reveal to her family that she was sexually intimate with her older cousin. Renteria-Novoa's defense asserted that the relationship was consensual and that R.P. exchanged sexual favors for material goods. The jury convicted Renteria-Novoa on all counts.

*R.P.'s Testimony*

During cross-examination, Renteria-Novoa sought to reveal inconsistencies in R.P.'s previous recountings of the alleged abuse. On redirect, the State asked R.P. leading questions about her past statements in order to show that those statements were consistent. On appeal, Renteria-Novoa argues that this part of R.P.'s trial testimony was inadmissible hearsay.

Under NRS 51.035(2)(b), an out-of-court statement is not hearsay if it is "[c]onsistent with the declarant's testimony and offered to rebut an express or implied charge against the declarant of recent fabrication . . . ." Here, the State offered the prior consistent statements in order to rebut the defense's attempts to show fabrication. Thus, the statements were admissible.

Renteria-Novoa also argues that the State improperly used leading questions to elicit testimony during redirect. NRS 50.115(3)(a) states that "[l]eading questions may not be used on the direct examination of a witness *without the permission of the court.*" (Emphasis added). "Whether leading questions should be allowed is a matter mostly within the discretion of the trial court, and any abuse of the rules regarding them is not ordinarily a ground for reversal." *Barcus v. State*, 92 Nev. 289, 291, 550 P.2d 411, 412 (1976) (internal quotations omitted). Here, the court decided that the leading questions were a permissible way to bring out the prior consistent statements. Because leading questions are only prohibited without permission of the trial court, and the trial court gave permission, we do not find the use of leading questions to be grounds for reversal.

*Use of "victim"*

Renteria-Novoa argues that the prosecutor's use of the term "victim" throughout trial was improper because it was an assertion of his personal opinion that Renteria-Novoa was guilty of the charged crimes. He alleges that the prosecutor's repeated uses of "victim" were interjections of opinion, constituted vouching, and minimized the prosecution's burden of proof, all of which are examples of prosecutorial misconduct. *See, e.g., Rowland v. State,* 118 Nev. 31, 39-40, 39 P.3d 114, 119 (2002); *McGuire v. State,* 100 Nev. 153, 158-59, 677 P.2d 1060, 1064 (1984).

In the present case, the prosecutor's use of "victim" was not misconduct. First, it was not interjecting opinion because the prosecutor was not asking the jury to convict based upon the prosecutor's personal opinions. Second, Renteria-Novoa has not shown that the prosecutor had any intent to mislead. *McGuire,* 100 Nev. at 158-59, 677 P.2d at 1064. Third, the prosecutor's use of the term "victim" was not vouching because the jury would not reasonably infer that the prosecutor meant to speak to the veracity of the accuser. *See Rowland,* 118 Nev. at 39, 39 P.3d at 119. Finally, the Nevada Revised Statutes use "victim" to refer to the accuser, not only in defining crimes but also in setting forth procedures. *See, e.g.,* NRS 50.090. Therefore, we conclude that the use of the term "victim" was not prosecutorial misconduct.

Renteria-Novoa also contests the use of "victim" in the jury instructions and in the witnesses' testimony. For similar reasons, namely that the term was used to define sexual assault and not to express the opinion of the speaker, we also conclude that the use of "victim" in the jury instructions and by the witnesses was not improper.

*Brady violations*

Renteria-Novoa argues that the State violated his constitutional rights, under *Brady v. Maryland*, 373 U.S. 83 (1963), by suppressing evidence of the U-visa that R.P. received as a result of the charges in this case.

To demonstrate a *Brady* violation, "the accused must make three showings: (1) the evidence is favorable to the accused, either because it is exculpatory or impeaching; (2) the State withheld the evidence, either intentionally or inadvertently; and (3) prejudice ensued, i.e., the evidence was material." *State v. Huebler*, 128 Nev. ___, ___, 275 P.3d 91, 95 (2012) (internal quotations omitted). On the issue of prejudice, federal courts have held that there is no *Brady* violation so long as the evidence is eventually disclosed at a time when the defense can still use it. *Madsen v. Dormire*, 137 F.3d 602, 605 (8th Cir. 1998); *see also United States v. Scarborough*, 128 F.3d 1373, 1376 (10th Cir. 1997); *United States v. Word*, 806 F.2d 658, 665 (6th Cir. 1986); *cf. Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one . . . ."). Here the defense discovered R.P.'s U-visa during trial and was able to present it to the jury through cross examination. There was no prejudice and, therefore, no *Brady* violation.

*Renteria-Novoa's call logs and R.P.'s phone number*

Renteria-Novoa argues that the evidence of his phone records were not relevant at the time that they were admitted, because the jury did not yet hear testimony as to R.P.'s phone number. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than

it would be without the evidence." NRS 48.015. Renteria-Novoa's call logs were relevant because his numerous calls to R.P.'s phone tended to show that he had some kind of relationship with R.P.

Renteria-Novoa also argues that a witness's testimony revealing R.P.'s phone number was hearsay because the witness only learned the number through R.P. telling him what it was. Evidence is inadmissible hearsay if it is an out-of-court "statement offered in evidence to prove the truth of the matter asserted" and it does not qualify for any exemption to the hearsay definition or exception to the hearsay rule. *See* NRS 51.035; NRS 51.065; NRS 51.075-.385.

We conclude that the witness testimony providing R.P.'s phone number was not hearsay. The witness testified that he knew her phone number belonged to her because he called her using the number. Thus, he was not testifying to an out-of-court statement about the number, but rather to his recollection of the number. *See* NRS 51.035. Accordingly, the district court did not abuse its discretion. *Chavez v. State*, 125 Nev. 328, 344, 213 P.3d 476, 487 (2009).

*Admission of prior bad acts*

Renteria-Novoa also argues that R.P.'s testimony, stating that he abused her two or three times a week, was inadmissible prior bad act evidence.

"[W]e review a district court's decision to admit or exclude evidence for abuse of discretion." *Id.* Prior bad act evidence is presumed inadmissible. *Ledbetter v. State*, 122 Nev. 252, 259, 129 P.3d 671, 677 (2006). However, prior bad acts are admissible when they show a common scheme or plan. *See id.* at 260, 129 P.3d at 677-78; *see also* NRS 48.045(2).

In *Daly v. State*, we held that uncharged acts of sexual abuse to which the child victim testified "fell within the 'common scheme or plan' exception to the general rule excluding evidence of prior bad acts." 99 Nev. 564, 567, 665 P.2d 798, 801 (1983), *holding modified on other grounds by Richmond v. State*, 118 Nev. 924, 59 P.3d 1249 (2002). The child victim "testified that she had performed fellatio on appellant at his request an average of once or twice a week since she was about eight years old." *Id.* at 566, 665 P.2d at 800. We noted that "[a]t least some of the uncharged acts allegedly occurred within the same time period as the charged acts, all alleged acts were between the appellant and his stepdaughter, and both the charged and uncharged acts allegedly occurred under very similar circumstances." *Id.* at 567, 665 P.2d at 801.

The facts of this case are analogous to *Daly*. R.P. testified that the abuse occurred two or three times a week. The acts to which R.P. testified allegedly occurred at the time she lived at the University apartments, the same timeframe about which the jury heard that Renteria-Novoa committed other acts. The acts to which R.P. testified all involved her and Renteria-Novoa. And, according to R.P., the acts occurred in the same way every time. Under *Daly*, the uncharged acts of sexual abuse against R.P. fell within the common-scheme-or-plan exception to the rule against admitting prior bad acts. The district court did not abuse its discretion.

*Other issues*

Renteria-Novoa also argues that the State illegally excluded minority veniremembers from the jury, the information was insufficient and violated his constitutional rights, the district court misapplied Nevada's rape-shield statute, his statement to police was not voluntary

and was given prior to him being mirandized, the evidence was insufficient to support the convictions, the convictions violated redundancy or double jeopardy principles, the district court's jury instructions misstated the law, the prosecution committed misconduct, and cumulative error warrants reversal. We find no merit in his arguments and affirm the judgment of the district court.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Jerome T. Tao, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk