DANIEL SCOTT STERLING, APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 22186

July 2, 1992                                    834 P.2d 400

*Schieck & Derke,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland,* Chief Deputy District Attorney, and *John P. Lukens,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Daniel Scott Sterling ("Sterling") was charged with three counts of lewdness with a minor (NRS 201.230), one count of battery with intent to commit a crime (NRS 200.400), and six counts of sexual assault of a child under the age of fourteen (NRS 200.364 and NRS 200.366). Sterling was the boyfriend of the victim's mother and lived with the victim's family for several years.

The victim was twelve years old on the date of her testimony. In graphic detail, she testified about sexual activity between Sterling and herself: Sterling subjected her to extensive sexual abuse over the course of several years. The victim was medically examined, and the examining doctor opined that she had been sexually active.[1]

The defense attempted to suggest that the victim fabricated the allegations. The jury returned a verdict of guilt on all ten counts. On appeal, Sterling contends that the following assignments mandate reversing his conviction: (1) the State introduced evidence of prior bad acts which constituted prejudicial error; (2) the district court improperly admitted prior consistent statements of the victim; (3) the district court denied Sterling the right to impeach the credibility of the victim; (4) Sterling was denied a fair trial because the police did not conduct a sufficient investigation; and (5) there was insufficient evidence for the jury to convict him. For the following reasons, we affirm his conviction.

### Reference to prior bad acts

The victim's grandmother testified that she had once observed Sterling using drugs.[2] Sterling argues that this was improper

---

[1] The examination revealed: a scar on the victim's urethra; a laceration to her hymen; and the insertion of the examination instrument into the victim's vagina was easily performed, indicating muscle relaxation—a response learned from multiple penetrations.

[2] The reference was made as follows:

Q. Did you observe anything else at that time?

evidence of a prior bad act, constituting prejudicial error. Evidence of other crimes, wrongs or acts are not admissible to prove a defendant's character and that he acted in conformity therewith; however, such evidence is admissible to prove motive, intent, knowledge, or absence of mistake or accident. NRS 48.045(2).

However, inadvertent references to other criminal activity not solicited by the prosecution, which are blurted out by a witness, can be cured by the trial court's immediate admonishment to the jury to disregard the statement. Allen v. State, 91 Nev. 78, 83, 530 P.2d 1195, 1198 (1975). The grandmother's statement about observing the drug usage was not solicited by the prosecution. The trial court cured any error when it immediately admonished the jury to "disregard the witness' statement of smoking rock cocaine."[3]

### Prior consistent statements

Sterling contends that the district court committed prejudicial error when it admitted the victim's prior consistent statements into evidence. Sterling did not object to the admission of these statements at trial. Failure to object below generally precludes review by this court; however, we may address plain error and constitutional error *sua sponte*. Emmons v. State, 107 Nev. 53, 61, 807 P.2d 718, 723 (1991).

Sterling argues that the admission of the consistent statements was plain error, citing Daley v. State, 99 Nev. 565, 665 P.2d 798 (1983) for support. In *Daley,* a sexual assault case, the admission of the victim's prior consistent statements which were made at a time when the victim had a motive to fabricate constituted preju-

---

A. Yes. They'd been smoking rock; had their pipes—
MS. BRAECKLEIN: Your Honor, I object. She's making speculation on that. Does she know? Has she ever smoked rock cocaine?
THE WITNESS: I saw it. I have saw it. I saw them smoke it.
THE COURT: Just a minute. Will counsel approach the bench.
(A discussion was had off the record at the bench.)
THE COURT: The objection is sustained. The jury is admonished to disregard the witness' statement of smoking rock cocaine.

[3]Sterling contends that the State solicited numerous references to other prior bad acts. Sterling, however, failed to object to these "numerous references." We therefore conclude that Sterling failed to preserve these alleged references for appellate review. *See* Daley v. State, 99 Nev. 564, 567-68, 665 P.2d 798, 801 (1983) (even though the trial court granted appellant's motion *in limine* excluding evidence of prior bad acts, appellant failed to preserve the issue for appellate review when respondent introduced such evidence at trial and appellant did not object to the evidence).

dicial error, even though appellant failed to object to such statements at trial. *Id.* at 569, 665 P.2d at 802. In *Daley,* we emphasized that the admission of the prior consistent statements constituted plain error because the State's case rested entirely on the credibility of the victim. *Id.* The present case differs from *Daley* in that the State presented uncontroverted physical evidence that the child had been sexually active. Consequently, we reject Sterling's argument and conclude that his failure to preserve this issue precludes appellate review. Wilkins v. State, 96 Nev. 367, 372, 609 P.2d 309, 312 (1980).

*The right to impeach the credibility of the victim*

Sterling next contends that the district court on four occasions denied him the opportunity to impeach the credibility of the victim by showing a motive to fabricate the allegations. Although a defendant has a right to expose facts which enable the jury to reflect on the credibility of the witness, Crew v. State, 100 Nev. 38, 45, 675 P.2d 986, 990 (1984), this right is not unlimited.

First, Sterling argues that the district court improperly limited his cross-examination of the victim. The defense questioned the victim about her daily routine in regard to doing homework and playing with friends. The State lodged a relevancy objection. Sterling argued that this line of questioning showed that Sterling was a disciplinarian and that, apparently, the victim was fabricating the allegations to avoid such discipline. Under such circumstances, asserts Sterling, the district court's discretion is limited. *See Crew,* 100 Nev. at 45, 675 P.2d at 990-91.

Sterling fails to recognize that only relevant evidence is admissible. NRS 48.025. Whether evidence is relevant lies in the sound discretion of the trial court. Woods v. State, 101 Nev. 128, 136, 969 P.2d 464, 470 (1985). We conclude that the district court was acting within its discretion and properly sustained the State's objection to this line of questioning. Moreover, Sterling did not make an offer of proof which would allow this court to review the intended line of questioning or anticipated responses. Nothing in the record supports Sterling's assertion that the victim fabricated the allegations because Sterling was a disciplinarian. *See* Robins v. State, 106 Nev. 611, 798 P.2d 558 (1990) (district court did not improperly limit cross-examination which was founded on speculation and sought to elicit testimony that was unrelated, irrelevant and inadmissible), *cert. denied,* 111 S.Ct. 1608 (1991).

Second, Sterling contends that the district court improperly

limited his examination of the victim's mother. On direct examination, the defense asked what kind of reaction the victim demonstrated to the birth of her brother. The victim's mother responded that "[s]he didn't like it." The district court sustained the State's relevancy objection. Sterling argued that this question went to the motive behind the allegations—that the victim was "lashing out" because attention had been directed to other members of her family. Upon review of the record, we conclude that Sterling's "lashing out" theory is mere speculation, and thus the district court did not abuse its discretion in limiting this line of questioning.

Third, during direct examination, the defense asked Sterling's mother how well the victim got along with Sterling. She responded the victim "got along pretty good as long as she got her way." Defense counsel asked Sterling's mother to explain "as long as she got her way." The State objected on the grounds that the question asked for improper character evidence concerning a character trait other than truthfulness.

Opinion evidence as to the character of a witness is admissible to attack the credibility of the witness, but opinions are limited to truthfulness or untruthfulness. NRS 50.085(1)(a). Sterling contends that NRS 50.085 is not applicable and that NRS 48.045(1)(b) is controlling.[4] We disagree. Because Sterling was attempting to impeach the credibility of the victim, NRS 50.085 is controlling. "NRS 50.085 and its companion provisions concern the impeachment of witnesses, while NRS 48.045 and its companion provisions deal with the admissibility of substantive evidence." *Daley,* 99 Nev. at 570, 665 P.2d at 803.

Fourth, Sterling argues that his impeachment of the victim was improperly limited during the direct examination of the victim's mother when she was asked, "Do you have an opinion as to why [the victim] might have made those allegations [about drug use]."[5] The district court sustained the State's objection because,

---

[4]NRS 48.045(1)(b) provides:

> 1. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
>
> . . . .
>
> (b) Evidence of the character or a trait of character of the victim of the crime offered by an accused, subject to the procedural requirement of NRS 48.069 where applicable, and similar evidence offered by the prosecution to rebut such evidence; and
>
> . . . .

[5]The victim had testified that her mother would leave home to go buy drugs and that, consequently, she would be left alone with Sterling.

pursuant to NRS 50.025, the witness did not have personal knowledge of the matter. Sterling argues, as he did at trial, that the witness should have been allowed to answer, for her testimony was admissible lay opinion.

We conclude, however, that the district court did not err. The victim's mother did not demonstrate that she had personal knowledge as to why the victim testified about the mother's drug use.

Additionally, Sterling cannot show that the mother's opinion was admissible as lay opinion evidence. A lay witness' opinion is not admissible unless it is (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue. NRS 50.265. Sterling has not shown how this testimony would have been "rationally based on the perception" of the victim's mother. Sterling improperly attempted to impeach the victim's veracity as to certain statements. *See* People v. Melton, 750 P.2d 741, 758 (Cal. 1988) ("Lay opinion about the veracity of particular statements by another is inadmissible on that issue"). We therefore reject this argument.

### The sufficiency of the police investigation

The victim reported the assaults to her grandmother. The police were thereafter notified. Detective David Dunn ("Dunn"), an officer with the Las Vegas Metropolitan Police Department's sexual assault department, interviewed the victim. Dunn then set up an appointment for the victim to be medically examined.

Sterling asserts that the police conducted an insufficient investigation into the victim's allegations. The core of his assertion is that Dunn did not: (1) take statements from the victim's mother (although Dunn did talk to her over the phone); (2) take statements from the victim's grandmother (although Dunn did interview her); and (3) talk with anyone from Sterling's family. Sterling argues that the investigation violated Brady v. Maryland, 373 U.S. 83, 87 (1965), wherein the United States Supreme Court held that intentional suppression of material evidence by the prosecution constituted a violation of due process.

A conviction may be reversed when the State loses evidence if the defendant is prejudiced by the loss, or the evidence was lost in bad faith by the government. Sparks v. State, 104 Nev. 316, 319, 759 P.2d 180, 182 (1988). The defendant has the burden of showing that the evidence "sought would be exculpatory and material to his defense." *Id.*

Sterling has failed to demonstrate that any evidence has been lost or destroyed. The fact that Dunn did not "take statements" or talk with Sterling's family did not preclude defense counsel from so investigating. In fact, Sterling introduced most of the people whom he claims Dunn insufficiently investigated as witnesses. We reject this argument.

### Sufficiency of the evidence to convict Sterling

Finally, Sterling contends that the evidence is insufficient to sustain his conviction. This court will not disturb a criminal verdict or set aside the judgment where there is substantial evidence to support the verdict. Deeds v. State, 97 Nev. 216, 217, 626 P.2d 271, 272 (1981).

We conclude that there was substantial evidence for the jury to convict Sterling. The twelve-year-old victim testified in explicit detail about numerous acts of sex between herself and Sterling. A medical doctor testified that physical evidence indicated that the victim had been sexually active. Several other witnesses added persuasive circumstantial evidence regarding sexual activity. Furthermore, Sterling's witnesses were severely damaged by contradictions and inconsistencies.

We have reviewed Sterling's other contentions on appeal and conclude they are without merit. Accordingly, for the reasons stated above, we hereby affirm the judgment of conviction on all counts against Sterling.