An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RODNEY JOHN SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63460

**FILED**

SEP 1 9 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary while in the possession of a deadly weapon, battery, and two counts of assault with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

First, appellant Rodney John Smith contends that insufficient evidence supports his burglary conviction because there was no evidence that he intended to commit a crime at the time he entered the residence. We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008). At trial, evidence was presented that Smith had been in and out of the residence throughout the afternoon and evening and that he was agitated. The State presented evidence that a victim inside the residence received multiple threatening text messages from Smith during the course of the evening. A victim testified that a chair had been wedged

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31144

against the front door to preclude Smith's reentry, but Smith managed to get inside the residence and began climbing the stairs towards her, knife in hand. Smith was convicted of subsequently committing assault with the use of a deadly weapon and battery inside the residence. "When there is conflicting testimony presented, it is for the jury to determine what weight and credibility to give to the testimony." *Hankins v. State*, 91 Nev. 477, 477, 538 P.2d 167, 168 (1975). We conclude that the jury could have reasonably inferred from the evidence presented that Smith committed burglary. *See* NRS 205.060(1); *Valdez v. State*, 124 Nev. 1172, 1197, 196 P.3d 465, 481 (2008) ("[I]ntent can rarely be proven by direct evidence of a defendant's state of mind, but instead is inferred by the jury from the individualized, external circumstances of the crime." (internal quotation marks omitted)). A jury's verdict will not be disturbed on appeal where, as here, it is supported by sufficient evidence. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

To the extent that Smith claims he could not be convicted of burglary because the residence was his own, we disagree. Even assuming Smith was a resident prior to the incident, Smith testified at trial that he and the other tenant had been evicted as of 5 p.m. on December 18, 2012, before the incident that led to these charges occurred. Therefore, Smith could be convicted of burglary because he did not have "an absolute unconditional right" to enter the residence. *State v. White*, 130 Nev. ___, ___, ___ P.3d ___, ___ (Adv. Op. No. 56, July 10, 2014, at 9).

Second, Smith claims that the State improperly provided evidence of his bad character when a witness made reference to prior bad acts, and the district court abused its discretion by denying his motions for

a mistrial. Inadvertent references to prior bad acts, where blurted out by a witness rather than elicited by the prosecution, can be cured by the district court's immediate admonishment to the jury to ignore the testimony. *Sterling v. State*, 108 Nev. 391, 394, 834 P.2d 400, 402 (1992). Here, when asked if she was afraid that Smith was going to cause serious harm, the witness responded that she believed Smith was going to do something harmful because he had harmed her before. Counsel for Smith moved for a mistrial. The district court denied the motion and offered to give an immediate limiting instruction, but counsel for Smith declined as he did not want to draw further attention to the testimony. The district court allowed the defense to frame a question, which the State immediately asked the witness, that clarified that the witness's fear stemmed from the threatening text messages sent by Smith earlier in the day. We conclude that this was sufficient to cure any prejudice the witness's testimony may have caused Smith, and the district court did not abuse its discretion by denying Smith's motion for a mistrial. *Rudin v. State*, 120 Nev. 121, 142, 86 P.3d 572, 586 (2004) ("The trial court has discretion to determine whether a mistrial is warranted, and its judgment will not be overturned absent an abuse of discretion.").

Smith's counsel moved for a mistrial a second time after the same witness, in response to a defense question of whether Smith hit her in any way, answered "not that time." The district court found that the answer was ambiguous and that, in context, the jury could have reasonably inferred that the statement referenced Smith's behavior on the day of the incident. The district court further instructed counsel to be

very specific with his questions. We conclude that the district court did not abuse its discretion by denying Smith's motion for a mistrial. *Id.*

Having considered Smith's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.  _____, J.
Douglas          Cherry

cc: Hon. Stefany Miley, District Judge
   Justice Law Center
   Attorney General/Carson City
   Clark County District Attorney
   Eighth District Court Clerk