IN THE SUPREME COURT OF THE STATE OF NEVADA

SAID ELMAJZOUB,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76232

FILED

SEP 2 6 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is the seventh appeal by Said Elmajzoub challenging aspects of his conviction of three felonies stemming from his attempted forcible rape of a woman. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Appellant was convicted by a jury of his peers on three counts—battery with intent to commit sexual assault with substantial bodily harm (NRS 200.400(4)(a)); attempted sexual assault (NRS 200.364, 200.366, 193.330); and first-degree kidnapping (NRS 200.310, 200.320)—and sentenced by Judge Donald M. Mosley to life without the possibility of parole on count 1; 24-96 months on count 2; and, life with possibility of parole in 5 years on count 3, with sentences to run concurrently. In his prior direct appeal, appellant raised two challenges regarding the proficiency of his counsel that are relevant here; namely, the admission of DNA evidence found on the inside lining of his victim's jeans, and his counsel's failure to advise him that he could opt to be sentenced by a jury on Count 1. In that prior appeal, this court determined that (1) Judge Mosley did not err in admitting the DNA evidence at issue; but (2) appellant was entitled to a second sentencing proceeding as to Count 1 only. *Elmajzoub v. State*, Docket No. 63484 (Order of Affirmance, Dec. 8, 2015) at *1-3. On remand, a different district court judge, Judge Kenneth C. Cory, empaneled a second

19-39996

jury who again sentenced appellant to life without the possibility of parole on count 1. Judge Cory ordered appellant's newly imposed sentence to run consecutively with those previously issued. Appellant now challenges the propriety of this second sentencing hearing and its outcome on various grounds—double jeopardy, structural error, jurisdiction, judicial vindictiveness, and Confrontation Clause violations—and again argues that the district court erred in his original trial by admitting the same DNA evidence. We reject appellant's arguments for the reasons that follow.[1]

First, appellant argues that the district court violated his right to be free of double jeopardy, committed structural error, and exceeded its jurisdiction by releasing the jury that oversaw his determination of guilt and subsequently empaneling a second jury on remand to sentence him as to Count 1. Reviewing these issues de novo, we disagree. *See Manning v. State*, 131 Nev. 206, 209-10, 348 P.3d 1015, 1018 (2015) (de novo review for constitutional questions); *State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011) (de novo review for statutory interpretation).

Double jeopardy is inapplicable here as appellant's sentencing hearings did not require proof of any additional evidence or elements. NRS 200.400(4)(a) (laying out the two potential sentences appellant faced without listing additional elements to be proven to qualify for either);

---

[1]Appellant's claims are opaquely framed and lack relevant legal and record support. We note that we generally need not consider such underdeveloped arguments on appeal, *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987), and that much of this appeal could also be resolved by the law of the case, *Walker v. State*, 85 Nev. 337, 343, 455 P.2d 34, 38 (1969) ("The law of a first appeal is law of the case on all subsequent appeals in which the facts are substantially the same."), *vacated in part*, 408 U.S. 935 (1972) (vacating on an issue involving pro se representation only).

*Sattazahn v. Pennsylvania*, 537 U.S. 101, 107 (2003) (noting that jeopardy does not attach to a sentencing hearing unless that sentencing hearing is "trial-like" such that the State must prove additional facts or elements). Nor was the "error" appellant complains of structural, requiring reversal, since appellant had counsel and his guilt was previously determined by an unbiased jury.[2] *Rose v. Clark*, 478 U.S. 570, 579 (1986) (holding that there is a strong presumption that an error is not structural "if the defendant had counsel and was tried by an impartial adjudicator"); *Neder v. United States*, 527 U.S. 1, 8-9 (1999) (a structural error is one that "deprive[s] defendants of 'basic protections' without which 'a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence'" (quoting *Rose v. Clark*, 478 U.S. 570, 577-78)). We further reject appellant's argument wrongly recasting NRS 200.400—a statute describing procedure in cases brought thereunder—as jurisdictional, without any explanation or analysis. *See State v. Williams*, 686 S.E.2d 493, 505 (N.C. 2009) (statutes providing that the same jury and judge would provide over trial and sentencing in a death penalty case were procedural not jurisdictional).

Second, appellant argues that Judge Cory committed reversible error under *North Carolina v. Pearce*, 395 U.S. 711, 725 (1969), when he "sentenced appellant to a greater aggregate term of imprisonment on retrial following a successful appeal," because a presumption of judicial vindictiveness arose. We review for an abuse of discretion, and find none— *Pearce*'s presumption does not apply where, as here, "a different judge

---

[2]Appellant does not argue that *Judge Mosley*, who originally presided over the guilt phase, acted with judicial vindictiveness, and though he compares his challenge to one under *Batson v. Kentucky*, 476 U.S. 79, 85 (1986), he is in fact arguing that the *same jury* should have heard his second sentencing, not challenging that jury's composition or impartiality.

imposes a higher sentence after retrial than the first judge." *Bowser v. State*, 135 Nev., Adv. Op. 15, 441 P.3d 540, 544 (2019); *see Texas v. McCullough*, 475 U.S. 134, 139-40 (1986). And Judge Cory laid out his reasoning for ordering the sentences to run consecutively—(1) each offense was made up of its own essential elements; (2) each offense had its own purpose in being made into a separate offense; (3) the battery and the attempted sexual assault were "two separate ways to violate a woman"— which is all the law requires. *McCullough*, 475 U.S. at 140 (finding no error where "the second sentencer provides an on-the-record, wholly logical, nonvindictive reason for the [increased] sentence" (internal quotations omitted)).

Finally, appellant challenges the district court's admission of certain evidence—DNA evidence during the guilt phase of his original trial and eyewitness testimony during his second sentencing. Generally, we review a district court's decision whether to admit evidence for an abuse of discretion. *Sterling v. State*, 108 Nev. 391, 395, 834 P.2d 400, 403 (1992). However, to the extent that appellant contorts his arguments into supposed constitutional claims, we review de novo. *Manning v. State*, 131 Nev. 206, 209-210, 348 P.3d 1015, 1018 (2015).

As to the admission of DNA evidence from the inside of the lining of the victim's jeans and related testimony, appellant argues that the State wrongly consumed that evidence during testing without previously advising him pursuant to NRS 176.0912(2) ("[b]iological evidence subject to the requirements of this section may be consumed for testing upon notice to the defendant"), in bad faith and in violation of his due process rights under *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve

potentially useful evidence does not constitute a denial of due process of law."). But appellant fails to demonstrate that he actually lacked access to the DNA evidence inasmuch as his record cites do not match the information found there, and his trial counsel testified under oath that the DNA "swatch" was made available to the defense but not retested for strategic reasons. And in any case, even assuming that the State consumed the evidence in testing without first advising appellant, the State's failure to follow NRS 176.0912(2) during appellant's trial, which concluded in April 2009, does not demonstrate bad faith—the statute was not effective until October 1, 2009, and given that appellant did not argue that the statute applied retroactively, we are not convinced it governed the State's regular practice and procedure at the time. *See Illinois v. Fisher*, 540 U.S. 544, 548 (2004) (no evidence of bad faith where State agents act in accordance with their standard procedure); *Avery v. State*, 122 Nev. 278, 283, 129 P.3d 664, 667 (2006) (new rules of criminal procedure will not be applied retroactively with "narrow" exceptions not relevant here).

As to appellant's complaint that the district court allowed the State to present certain eye-witness testimony at sentencing, this was not an error. NRS 176.015(6) (a sentencing court is entitled to hear and consider "any reliable and relevant evidence"); *Evans v. State*, 112 Nev. 1172, 1203, 926 P.2d 265, 285 (1996) (noting that a jury "may consider all of the facts and circumstances of the crime in determining the appropriate sentence"). Further, while appellant argues that he should have been allowed to ask questions regarding appellant's innocence during cross-examination, "lingering or residual doubt as to the defendant's guilt or innocence" are not a proper consideration at the time of sentencing. *Evans*, 112 Nev. at 1203, 926 P.2d at 285; *see also Franklin v. Lynaugh*, 487 U.S.

164, 173 (1988) (recognizing there is no constitutional right to present evidence regarding "residual doubt" at sentencing).[3]

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Cadish_____, J.
Cadish

cc: Hon. Kenneth C. Cory, District Judge
Mace J. Yampolsky, Ltd.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[3]To the extent Appellant cogently raised any additional arguments, we find no error warranting reversal.